IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

BARTHONIA MILLER,

               Plaintiff,

  v.

OFFICER MORMANDO;
OFFICER JOHN DOE

               Defendants.

Case No. 23-371

**Jury Trial Demanded**

## COMPLAINT

NOW COMES Plaintiff Barthonia Miller ("Plainitff"), by counsel, demanding a jury trial and alleging the following against Defendants Officer Mormando of the Norfolk Police Department ("Defendant Mormando"), and Officer John Doe of the Norfolk Police Department ("Defendant Doe") (collectively, "Defendants").

## INTRODUCTION

Plaintiff's constitutional and state rights were violated when, in August 2021, Defendants unconstitutionally entered Plaintiff's home, used excessive force against him, illegally arrested him, and then drove and abandoned him at a local hospital, all without any justification. Plaintiff now brings this action for compensatory damages, reasonable attorney fees, and punitive damages pursuant to 42 USC §§ 1983 and 1988, the Fourth Amendment, Fourteenth Amendment, and Virginia state torts.

## PARTIES

1. Plaintiff is an individual currently resides in Virignia.

1

2. Defendant Mormando was a police officer at Norfolk police department at all times relevant in this Complaint and resides in Virginia.

3. Defendant Doe was a police officer at Norfolk police department at all times relevant in this Complaint and resides in Virginia.

4. All Defendants' acts alleged herein were committed within the scope of their employment, under the authority of the Norfolk police department.

5. At all times relevant hereto, Defendants were acting under color of state law.

6. All Defendants in this action are sued in their individual capacity as to all claims.

## JURISDICTION

7. This actions arises under the United States Constitution, particularly under the provisions of the Fourth Amendment and the Fourteenth Amendment to the Constitution of the United States, and under federal law, particularly the Civil Rights Act of 1871, 42 U.S.C. § 1983, as amended, as well as under Virginia State law.

8. This court has subject-matter jurisdiction under 42 U.S.C. §§ 1983; 28 U.S.C. § 1331, 1343; and the Fourth Amendment and Fourteenth Amendment, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's state law claims.

9. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this action occurred in the Eastern District of Virginia, specifically in Norfolk, Virginia.

## FACTS

10. On August 8, 2021, Plaintiff called the Norfolk Police Department to his home at 1006 East Chester Street in Norfolk, Virginia, for assistance regarding an argument Plaintiff and his romantic partner were having.

11. Plaintiff called the Norfolk Police Department hoping that officers could help defuse the argument.

12. Two officers arrived at the scene: Defendant Mormando and his unknown partner, Defendant John Doe.

13. Once the officers arrived, Defendant Mormando instantly started treating Plaintiff as if he was a suspect of a crime.

14. Defendant Mormando made multiple statements that instantly demonstrated that he had no interest in the real reason Plaintiff called the police.

15. Eventually, due to Defendant Mormando's actions and attitude, Defendant Mormando began arguing with Plaintiff, at Plaintiff's home, despite the fact that Plaintiff called the police.

16. Plaintiff then asked Defendants to leave, as they were making the situation worse.

17. At this time, Defendants had no reason to believe any crime had occurred.

18. Defendant Mormando then became irritated and belligerent.

19. Both Defendant Mormando and Defendant Doe ignored Plaintiff's demand to leave his property.

20. At this time Defendant Mormando entered Plaintiff's residence, slammed Plaintiff on the floor, and arrested Plaintiff, placing him in handcuffs.

21. Plaintiff's head slammed against the floor as a result of Defendant Mormando's actions.

22. At no point was Plaintiff resisting arrest or posing any danger to anyone.

23. At no point did the officers have any reason to believe that any crime had occurred.

24. Defendant Doe took no action.

25. After Defendant Mormando slammed Plaintiff and arrested him, Defendants placed Plaintiff in their police cruiser.

26. Defendants told Plaintiff that they would be taking him to jail.

27. When Plaintiff asked why he was being arrested and taken to jail, Defendants did not provide an explanation.

28. Defendants than began driving Plaintiff.

29. Eventually, after driving for several minutes, Defendants arrived at a hospital multiple miles from Plaintiff's home.

30. Defendants then walked Plaintiff through the emergency room with handcuffs on.

31. Defendants took Plaintiff to have his head examined by a doctor due to Plaintiff's head hitting the floor when Defendant Mormando slammed Plaintiff to the ground.

32. A doctor examined Plaintiff's head for injuries and a concussion.

33. After Plaintiff was cleared to leave the facility, Defendants walked Plaintiff out of the hospital.

34. Defendants then entered their police cruiser and left Plaintiff stranded at the hospital.

35. Plaintiff was forced to find his own way home.

36. Plaintiff subsequently made multiple complaints to the police department.

37. The police department investigated the actions of Defendants and determined—as stated via letter on February 22, 2023—that Defendant Mormando's actions violated police policy and procedure.

### INJURIES AND DAMAGES

38. This action seeks damages on behalf of Plaintiff for loss of liberty, physical pain and suffering, and emotional pain and suffering as a consequence of the actions described above.

39. As a result of the actions of Defendants, Plaintiff was illegally seized, assaulted, transported, and stranded without any justification. Plaintiff has suffered the physical and emotional damage that comes from these experiences as described above.

40. The acts of Defendants entitle Plaintiff to compensatory and punitive damages, injunctive relief, as well as reasonable attorney's fees.

## COUNT I
### Denial of Federal Rights Under Color of State Law, 42 U.S.C. § 1983, in Violation of the Fourth Amendment Against Defendants—Unconstitutional Seizure

41. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above and below paragraphs with the same force and effect as if fully set forth herein.

42. Plaintiff was unconstitutionally seized without probable cause or reasonable suspicion as described above.

43. As a direct and proximate result of result of the conduct of Defendants, described herein, Plaintiff has suffered, and will in the future suffer, great damages including mental anguish, stress, embarrassment, humiliation, inconvenience, and pain and suffering, causing symptomatic reaction and other nonpecuniary injury in amounts to be determined at trial.

44. Defendants' actions were intentional, malicious, willful, wanton, and/or reckless disregard for Plaintiff's constitutionally protected rights, thereby entitling Plaintiff to an award of punitive damages.

## COUNT II
### Denial of Federal Rights Under Color of State Law, 42 U.S.C. § 1983, in Violation of the Fourth Amendment Against Defendants—Excessive Force

45. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above and below paragraphs with the same force and effect as if fully set forth herein.

46. Defendant Mormando approached Plaintiff, grabbed him, and threw him on the ground for no reason.

47. Defendant Doe watched and did nothing to stop the use of force.

48. Defendants acted aggressively and maliciously, with the intent to cause harm.

49. As a result of Defendants malicious actions, unconstitutional seizure, and excessive use of force, Plaintiff suffered various injuries, including an injured head.

50. Defendants' intentional actions described in this Complaint toward Plaintiff constitutes excessive force under the Fourth Amendment. Defendants' conduct was outrageous, reckless, malicious, and sadistic and for the very purpose of causing harm.

51. As a direct and proximate result of result of the conduct of Defendants, described herein, Plaintiff has suffered, and will in the future suffer, great damages including mental anguish, stress, embarrassment, humiliation, inconvenience, and pain and suffering, causing symptomatic reaction and other nonpecuniary injury in amounts to be determined at trial.

52. Defendants' actions and unofficial policy were intentional, malicious, willful, wanton, and/or reckless disregard for Plaintiff's constitutionally protected rights, thereby entitling Plaintiff to an award of punitive damages.

## COUNT III
### Denial of Federal Rights Under Color of State Law, 42 U.S.C. § 1983, in Violation of the Fourth Amendment Against Defendants—Unconstitutional Search

53. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above and below paragraphs with the same force and effect as if fully set forth herein.

54. Defendants entered Plaintiff's home without a warrant, and without probable cause or reasonable suspicion to believe a crime had occurred.

55. Defendants entered Plaintiff's home in order to effectuate an unconstitutional seizure.

56. As a direct and proximate result of result of the conduct of Defendants, described herein, Plaintiff has suffered, and will in the future suffer, great damages including mental anguish, stress, embarrassment, humiliation, inconvenience, and pain and suffering, causing symptomatic reaction and other nonpecuniary injury in amounts to be determined at trial.

57. Defendants' actions were intentional, malicious, willful, wanton, and/or reckless disregard for Plaintiff's constitutionally protected rights, thereby entitling Plaintiff to an award of punitive damages.

## COUNT IV
### Unlawful Search Pursuant to Virginia Code 19.2-59 Against Defendants

58. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above and below paragraphs with the same force and effect as if fully set forth herein.

59. This is a state law claim for a civilly enabled Virginia criminal statute prohibiting warrantless searches that violate the Fourth Amendment to the Constitution of the United States.

60. As described herein, Defendants entered Plaintiff's home without consent, and without reasonable suspicion or probable cause to believe a crime occurred or that the home contained evidence of any crime.

61. Neither Defendants, nor any other reasonable officer, had or could have had a reasonable suspicion to believe that Plaintiff had any evidence of any crime in his home.

62. As a direct and proximate cause of Defendants' illegal search, Plaintiff suffered damages as described herein, and therefore, the Defendants are liable to Plaintiff for compensatory damages for their violation of Virginia Code § 19.2-59.

63. Further, these actions were taken under circumstances that amount to at least a willful and wanton disregard for Plaintiff's rights, and thus punitive damages for their violation of Virginia Code § 19.2-59 are warranted.

## COUNT V
### Willful and Wanton Disregard for the Plaintiff's Rights Against Defendants

64. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above and below paragraphs with the same force and effect as if fully set forth herein.

65. Defendants had a duty to act with reasonable care in regard to the exercise of their duties. As a direct and proximate result of their conduct, Defendants breached their duty to Plaintiff, and Plaintiff was injured.

66. Defendants breached their duty both by unconstitutionally searching Plaintiff's home, using excessive force against Plaintiff, and by abandoning Plaintiff at a hospital after driving Plaintiff away from his home.

67. As a direct and proximate result of result of the conduct of Defendants, described herein, Plaintiff has suffered, and will in the future suffer, great damages including mental anguish, stress, embarrassment, humiliation, inconvenience, and pain and suffering, causing symptomatic reaction and other nonpecuniary injury in amounts to be determined at trial.

68. The conduct of Defendants described herein was done with actual malice, and gross, reckless and callous indifference toward Plaintiff, without fault on the part of the Plaintiff, and actually and proximately causing him damage and entitling him to an award of punitive damages.

## COUNTS VI & VII
## Negligent & Intentional Infliction of Emotional Distress Against Defendants

69. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above and below paragraphs with the same force and effect as if fully set forth herein.

70. The foregoing behavior of Defendants was intolerable, outrageous, and intentional, without justification.

71. Defendants intended the specific conduct alleged in this Complaint and knew, or should have known, that said conduct would likely result in Plaintiff's severe emotional distress.

72. Defendants' conduct was outrageous and intolerable in that it offended generally accepted standards of decency and morality.

73. As a direct and proximate result of Defendants' conduct described herein, Plaintiff has suffered, and will in the future suffer, great damages including mental anguish, stress, embarrassment, humiliation, inconvenience, and pain and suffering, causing symptomatic reaction and other nonpecuniary injury in amounts to be determined at trial.

## COUNT VIII
## False Arrest

74. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above and below paragraphs with the same force and effect as if fully set forth herein.

75. Defendants restrained Plaintiff's liberty without any sufficient legal excuse therefor by word or acts, which he feared to disregard.

76. Further, as a result of the incident described in this Complaint, Plaintiff was taken to a separate location and abandoned with the cooperation of Defendants.

77. There was no probable cause or reasonable suspicion to support the arrest.

78. As a direct and proximate result of result of Defendants' conduct, described herein, Plaintiff has suffered, and will in the future suffer, great damages including mental anguish, stress, embarrassment, humiliation, inconvenience, and pain and suffering, causing symptomatic reaction and other nonpecuniary injury in amounts to be determined at trial.

79. Defendants' conduct described herein was done with actual malice, and willful and wanton disregard and reckless indifference toward Plaintiff, without fault on the part of the Plaintiff, and actually and proximately causing him damage and entitling him to an award of punitive damages.

## COUNT IX
## Battery Against Defendants

80. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above and below paragraphs with the same force and effect as if fully set forth herein.

81. As a result of Defendants malicious actions, unconstitutional seizure, and excessive use of force, Plaintiff suffered various injuries, including head injuries.

82. Defendants purposely, knowingly, recklessly, and wrongfully threatened to cause physical harm to Plaintiff.

83. Defendants actions and contact were both harmful and offensive to Plaintiff.

84. As a direct and proximate result of the conduct, described herein, Plaintiff has suffered, and will in the future suffer, great damages including mental anguish, stress, embarrassment, humiliation, inconvenience, and pain and suffering, causing symptomatic reaction and other nonpecuniary injury in amounts to be determined at trial.

85. Defendants' conduct described herein was done with actual malice toward Plaintiff, and actually and proximately causing him damage and entitling him to an award of punitive damages.

## COUNT X
### Assault Against Defendants

86. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above and below paragraphs with the same force and effect as if fully set forth herein.

87. Defendant Mormando grabbed Plaintiff and slammed him against the ground, while Defendant Doe did nothing to cease the actions.

88. As a result of Defendants' malicious actions, unconstitutional seizure, and excessive use of force, Plaintiff suffered various injuries.

89. Defendants then left Plaintiff stranded at a separate location.

90. Defendants purposely, knowingly, recklessly, and wrongfully threatened to cause physical harm to Plaintiff through these actions.

91. Defendants caused Plaintiff to be in reasonable apprehension of offensive conduct.

92. As a direct and proximate result of the conduct, described herein, Plaintiff has suffered, and will in the future suffer, great damages including mental anguish, stress, embarrassment, humiliation, inconvenience, and physical pain and suffering, causing symptomatic reaction and other nonpecuniary injury in amounts to be determined at trial.

93. Defendants' conduct described herein was done with actual malice toward Plaintiff and actually and proximately causing him damage and entitling him to an award of punitive damages.

## COUNT XI & XII
### Gross Negligence & Negligence Against Defendants

94. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above and below paragraphs with the same force and effect as if fully set forth herein.

95. Defendants had a duty to act with reasonable care in regard to the exercise of their duties as police officers.

96. As a direct and proximate result of result of Defendants' conduct, described herein, Plaintiff has suffered, and will in the future suffer, great damages including mental anguish, stress, embarrassment, humiliation, inconvenience, and pain and suffering, causing symptomatic reaction and other nonpecuniary injury in amounts to be determined at trial.

97. Defendants' conduct described herein was done with actual malice, and gross, reckless and callous indifference toward Plaintiff, without fault on the part of the Plaintiff, and actually and proximately causing his damage and entitling him to an award of punitive damages.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests the Court enter judgment for him and order relief as follows:

A. Compensatory damages against all Defendants, jointly and severally;

B. Punitive damages against all Defendants, jointly and severally;

C. Reasonable attorney's fees and costs pursuant to 28 USC § 1988; and

D.  That the Court grant any other and further relief it deems equitable and just

Respectfully submitted, the 31st day of July, 2023.

*/s/ Blake A. Weiner*
Blake A. Weiner, VA Bar No. 94087
BLAKE WEINER LAW, PLLC
1806 Summit Avenue, Suite 300
Richmond, VA 23230
Telephone: (804) 482-1465
Email: bweiner@blakeweinerlaw.com
*Counsel for Plaintiff*
