UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BARTHONIA MILLER,

       Plaintiffs,

V.                                                   Civil Action No. 2:23-cv-0371

OFFICER MORMANDO and
OFFICER JOHN DOE,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss Counts V and X of the Amended Complaint pursuant to the Federal Rules of Civil Procedure ("FRCP") 12(b)(6) filed by Officer Mormando.[1] ECF Nos. 11, 12, 26, 27. Officer Mormando filed an Answer to the Amended Complaint. ECF No. 28. Barthonia Miller ("Plaintiff") filed a response to Defendant's Motion. ECF Nos. 18, 29. Officer Mormando filed a reply. ECF Nos. 19, 30. The Court has considered the parties' memoranda, and this matter is ripe for judicial determination. For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED in PART and DENIED in PART**.

### I. FACTUAL AND PROCEDURAL HISTORY

Relevant to Defendant's Motion to Dismiss and stated in the light most favorable to Plaintiff, the following alleged facts are drawn from the Amended Complaint and attachments thereto.

---

[1] Both parties stipulated to Plaintiff filing the Amended Complaint without leave of court and that the Amended Complaint does not moot the original motion to dismiss. ECF No. 25. However, the Court finds that the superseding Motion, ECF No. 26, has been fully briefed and incorporates the same arguments in the original motion to dismiss. ECF No. 11. Thus, to conserve judicial resources, the Court will rely on the superseding Motion that has been fully briefed. Accordingly, the motion to dismiss the original complaint is dismissed as moot. *See* ECF No. 11.

1

On August 8, 2021, Plaintiff contacted the Norfolk Police Department ("NPD") to come to his home for assistance with an argument he was having with his romantic partner. Am. Compl. ¶ 10, ECF No. 24. Allegedly, two officers arrived at the scene, Officers Mormando and John Doe (collectively "Defendants"), and started treating Plaintiff as a suspect. *Id.* ¶¶ 12–13. At some point, Plaintiff and Officer Mormando began to argue, and Plaintiff asked Defendants to leave because they did not have an interest in the reason why Plaintiff called the police and had no reason to believe that a crime occurred. *Id.* ¶¶ 14–17. Defendants ignored Plaintiff's request and entered his residence, slammed his head to the ground, and arrested him. *Id.* ¶¶ 19–21. Allegedly, Plaintiff was not resisting arrest, and Officer John Doe took no part in the arrest. *Id.* ¶¶ 22–24.

Defendants placed Plaintiff in the police cruiser and told him they were taking him to jail but did not explain why he was going to jail. *Id.* ¶¶ 25–27. After driving for several minutes, Defendants arrived at a hospital and walked Plaintiff through the emergency room with handcuffs on. *Id.* ¶¶ 29–30. A doctor examined Plaintiff's head for injuries and a concussion and cleared Plaintiff to leave. *Id.* ¶¶ 32–33. Defendants then entered their police cruiser and left Plaintiff at the hospital stranded, forcing him to find his own way home. *Id.* ¶¶ 34–35. Subsequently, Plaintiff filed multiple complaints against Defendants to NPD. *Id.* ¶ 36. The police department allegedly investigated and determined via letter on February 22, 2023, that Defendant Mormando's actions violated police policy and procedure. *Id.* ¶ 37.[2] Accordingly, Plaintiff is seeking damages for the physical and emotional harm that he experienced. *Id.* ¶¶ 38–40. Specifically, Plaintiff asserts ten counts against Defendants:

---

[2] Plaintiff has not provided the Court with a copy of this letter.

2

Count I. Denial of Federal Rights Under Color of State Law, 42 U.S.C. § 1983, in Violation of the Fourth Amendment Against Defendants—Unconstitutional Seizure (*Id.* ¶¶ 41–44);

Count II. Denial of Federal Rights Under Color of State Law, 42 U.S.C. § 1983, in Violation of the Fourth Amendment Against Defendants—Excessive Force (*Id.* ¶¶ 45–52);

Count III. Denial of Federal Rights Under Color of State Law, 42 U.S.C. § 1983, in Violation of the Fourth Amendment Against Defendants—Unconstitutional Search (*Id.* ¶¶ 53–57);

Count IV. Unlawful Search Pursuant to Virginia Code § 19.2-59 Against Defendants (*Id.* ¶¶ 58–63);

Count V. Willful and Wanton Disregard for the Plaintiff's Rights Against Defendants (*Id.* ¶¶ 64–68);

Count VI. False Arrest (*Id.* ¶¶ 69–74);

Count VII. Battery Against Defendants (*Id.* ¶¶ 75–80);

Count VIII. Assault Against Defendants (*Id.* ¶¶ 81–88);

Count IX. Gross Negligence (*Id.* ¶¶ 89–92);

Count X. Negligence (*Id.* ¶¶ 89–92).

On February 22, 2024, Officer Mormando filed a Motion to Dismiss Counts V and X, ECF No. 26, and a brief in support. ECF No. 27 ("Def.'s Br."). On February 22, 2024, Officer Mormando filed an Answer to the Amended Complaint. ECF No. 28 ("Def.'s Answer"). On February 27, 2024, Plaintiff filed a Response in Opposition. ECF No. 29 ("Pl.'s Resp."). On March 4, 2024, Officer Mormando filed a Reply. ECF No. 30 ("Def.'s Reply").

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. Considering a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but the complaint must incorporate "enough facts to state a belief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). This plausibility standard does not equate to a probability requirement, but it entails more than a mere possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 677, and *Twombly*, 550 U.S. at 557). To achieve factual plausibility, plaintiffs must allege more than "naked assertions . . . without some further factual enhancement." *Twombly*, 550 U.S. at 557. Otherwise, the complaint will "stop[ ] short of the line between possibility and plausibility of entitlement to relief." *Id.*

4

### III. DISCUSSION

Under Rule 12(b)(6), Officer Mormando moves to dismiss Counts V and X of the Amended Complaint for failure to state a claim upon which relief can be granted. Def.'s Br. It is not in dispute that the Court has federal jurisdiction over Counts I through III. Thus, the Court will exercise supplemental jurisdiction over the federal claims. Nevertheless, the Court will determine whether Plaintiff has stated a claim for relief in Counts V and X.

#### A. Count V—Willful and Wanton Disregard for the Plaintiff's Rights Against Defendants

Plaintiff's claim in Count V alleges willful and wanton violation of Plaintiff's rights. Specifically, Plaintiff asserts that Defendants had a duty to act with reasonable care in exercising their duties. Am. Compl. ¶ 65. Additionally, Defendants breached that duty "by unconstitutionally searching Plaintiff's home, using excessive force against Plaintiff, and . . . abandoning Plaintiff at a hospital after driving Plaintiff away from his home." *Id.* ¶ 66. Plaintiff argues that he suffered and will in the future suffer harm because of Defendants' actions. *Id.* ¶¶ 67–68.

In the Motion, Officer Mormando argues that Plaintiff "does not identify a right violated by willful and wanton conduct." Def.'s Br. at 3. Further, Officer Mormando argues that Plaintiff does not identify a specific duty Defendants "were to comply with by acting with reasonable care." *Id.* Plaintiff responds that the Amended Complaint demonstrates that Officer Mormando acted with a conscious disregard of Plaintiff's "rights to be free from an (1) unjustified physical attack, (2) false arrest, and (3) abandonment." Pl.'s Resp. at 5. On Reply, Officer Mormando argues that this Count is duplicative of other counts in the Amended Complaint, and abandonment is not a cause of action under Virginia law. Def.'s Reply at 2. Additionally, Officer Mormando argues that

Count V appears to include a simple negligence claim, to which he is entitled to qualified immunity. *Id.*

The Supreme Court of Virginia describes "willful and wanton negligence as 'action taken in conscious disregard of another's rights, or with reckless indifference to consequences that the defendant is aware, from his knowledge of existing circumstances and conditions, would probably result from his conduct and cause injury to another.'" *Hatcher v. Higgins Elec., Inc.*, 592 F. Supp. 3d 490, 491–92 (W.D. Va. 2022) (quoting *Alfonso v. Robinson*, 257 Va. 540, 545 (1999)). "Willful and wanton negligence . . . requires an actual or constructive consciousness that injury will result from the act done or omitted." *Robinson*, 257 Va. at 545. "However, ill will is not a necessary element of willful and wanton negligence." *Id.* A fact-specific inquiry must take place to determine whether a defendant acted with willful and wanton negligence. *Higgins Elec., Inc.*, 592 F. Supp. at 492.

Based on these principles and the facts alleged, the Court finds that Plaintiff has stated a claim for willful and wanton negligence against Defendants. The facts support the plausible inference that based on their "knowledge of existing circumstances and conditions," Defendants acted with a conscious disregard for Plaintiff's rights or with reckless indifference by subjecting him to unreasonable harm. The Court can infer that Defendants knew that their actions of arresting Plaintiff, slamming him to the ground hitting his head, placing him in a police cruiser without any justification for detainment, and leaving him stranded at a hospital supports a plausible inference that Defendants knew Plaintiff would be harmed physically and emotionally. Additionally, regarding Plaintiff's "abandonment" argument, the Court finds that it is not a cause of action in Virginia. Even though "abandonment" does not exist in Virginia, the Court finds that a jury should determine whether the facts surrounding his "abandonment" argument supports his willful and

wanton negligence claim. Specifically, whether Defendants breached their duty of care to Plaintiff by arresting him in his home, taking him to the hospital, and then leaving him stranded at the hospital after being evaluated miles away from his home. Therefore, at this stage, the Court finds these allegations sufficient to state a willful and wanton negligence claim.

Additionally, Officer Mormando argues, briefly and without explanation, that he may be entitled to qualified immunity. Def.'s Answer at 6; Def.'s Reply at 2. As the Supreme Court of Virginia stated, "[a] defendant who asserts the qualified immunity defense, not the plaintiff, must allege and prove the elements comprising this defense." *Jordan v. Shands*, 255 Va. 492, 499 (1998). Here, Officer Mormando raises a brief qualified immunity defense in his Answer and Reply. Officer Mormando fails to demonstrate or cite to any evidence that he is entitled to immunity under state law. *Amisi v. Riverside Reg'l Jail Auth.*, 469 F. Supp. 3d 545, 565 (E.D. Va. 2020). Accordingly, Officer Mormando failed to meet his burden and may not rely on Virginia's qualified immunity doctrine at this stage in the case.

### B. Count X— Negligence

Plaintiff's claim in Count X alleges Defendants negligently violated his rights. Specifically, Plaintiff asserts that Defendants had a duty to act with reasonable care, and as a direct and proximate cause of Defendants' conduct, Plaintiff has suffered harm. Am. Compl. ¶¶ 90–91. In the Motion, Officer Mormando argues that he enjoys governmental immunity from ordinary negligence claims under the *James v. Jane*, 221 Va. 43 (1980) four-factor test. Def.'s Br. at 3. Officer Mormando argues that his performance in responding to a citizen's call for assistance and making an arrest was essential to the operation of the city's police force. *Id.* at 4. Additionally, Officer Mormando argues the city has an interest in maintaining the operation of its police force, which includes the prevention and detection of crime, arresting criminals, protecting life and

7

property, and enforcing state and local laws. *Id.* at 4. Further, the means and methods police officers respond to emergencies are controlled by the government entity employing them. *Id.* at 4–5. Lastly, Officer Mormando argues that a police officer necessarily uses judgment and discretion when making an arrest. *Id.* at 5.

Plaintiff responds that Officer Mormando is not entitled to immunity because an emergency was not taking place, nor did Defendants have probable cause that a crime occurred. Pl.'s Resp. at 6. Further, Plaintiff argues that Officer Mormando's actions did not involve discretion but were ministerial because he arrested Plaintiff and abandoned him after assuming the duty of taking control over Plaintiff. *Id.* On Reply, Officer Mormando argues that he responded to a call regarding a domestic dispute and conducted an arrest, which is an essential police function requiring discretion and judgment. Def.'s Reply at 4.

Virginia courts have described ordinary negligence as "the failure to use that degree of care which an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury to another." *Griffin v. Shively*, 227 Va. 317, 321 (1984) (internal quotations omitted). In *James*, the Supreme Court of Virginia developed a four-factor test to determine whether sovereign immunity protects an alleged negligent state employee. 221 Va. at 53. These four factors are: "1. the nature of the function performed by the employee; 2. the extent of the state's interest and involvement in the function; 3. the degree of control and direction exercised by the state over the employee; and 4. whether the act complained of involved the use of judgment and discretion." *Shaffer v. City of Hampton, Va.*, 780 F. Supp. 342, 347 (E.D. Va. 1991) (explaining the four factors articulated in *James*). However, "under Virginia law, a government agent . . . is immune from suit for simple negligence but not for gross negligence." *Green v. Ingram*, 269 Va. 281, 290 (2005); *Shaffer*, 780 F. Supp. at 347 ("police officers have [sovereign] immunity in their individual

8

capacity under the test which originated in *James*."); *Cromartie v. Billings*, 298 Va. 284, 297 (2020) ("Virginia's sovereign immunity doctrine protects officers only for simple negligence . . . not . . . one who 'acts wantonly, or in a culpable or grossly negligent manner.'").

In this case, it appears to the Court that the parties do not dispute that the third and fourth *James* factors are only at issue. The Court finds that the police officers in this case were performing law enforcement functions for the State of Virginia, and the State of Virginia has an interest in this function. Further, the Court finds that the State of Virginia exercised degree and control over the Defendants, and their actions involved judgment and discretion like the officers in *Colby v. Boyden*, 241 Va. 125 (1991). In *Colby*, the Supreme Court of Virginia "determine[d] the degree of negligence required to impose civil liability for injuries resulting from the actions of a police officer who violates traffic laws while pursuing [Colby,] a fleeing lawbreaker." 241 Va. at 125. The court noted that this was the first instance where the court had to apply the *James* factors to the actions of a police officer engaged in a vehicular pursuit. *Id.* at 129. The court stated enforcing traffic laws is a government function of a municipality, in which the municipality is inextricably involved. *Id.* Nevertheless, the police officer was performing that job function for the City of Virginia Beach, which satisfies the first two *James* factors. *Id.* Regarding the last two *James* factors, the court stated that the City of Virginia Beach exercised control and supervision over the police officer's actions through guidelines governing how to respond in emergencies. *Id.* However, those guidelines do not eliminate the fact that police officers must make prompt decisions in a highly stressful situation, like the police officer who harmed Colby. *Id.* The court held that the police officer was entitled to sovereign immunity because he was performing his job functions. *Id.* at 130. Therefore, *Colby* controls the outcome in this case. It would be inconsistent to grant the officer in *Colby* sovereign immunity who pursued a lawbreaker while breaking traffic laws and

not provide sovereign immunity to an officer who responded to a domestic dispute while conducting an alleged unlawful arrest. Nevertheless, government agents like Officer Mormando are immune from allegations of simple negligence. *See Green*, 269 Va. at 290. Thus, the Court grants Officer Mormando's Motion regarding Count X.

### IV. CONCLUSION

Based on the foregoing reasons, Officer Mormando's Motion to Dismiss is **GRANTED in PART** and **DENIED in PART**. ECF No. 26. The Court **DENIES** Officer Mormando's Motion as to Count V. The Court **GRANTS** Officer Mormando's Motion as to Count X.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
June 24 , 2024

Raymond A. Jackson
United States District Judge