IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**BARTHONIA MILLER,**

**Plaintiff,**

v.

CIVIL ACTION NO. 2:23-cv-371

**OFFICER MORMANDO,**

**Defendant.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is Barthonia Miller's ("Plaintiff") Motion for Attorney's Fees and Expenses and a Memorandum in Support against Officer Mormando ("Defendant"). ECF No. 61 ("Pl.'s Mot."); ECF No. 62 ("Pl.'s Mem."). Defendant responded in opposition, ECF No. 64 ("Resp. Opp."), and Plaintiff replied. ECF No. 68 ("Pl.'s Reply"). Plaintiff also filed a Motion to Amend/Correct Judgment for Post-Judgment Interest, which has been fully briefed by the parties. ECF Nos. 65, 66, 69. Defendant filed a Motion for Leave to File Supplemental Brief in Response to Plaintiff's Motion for Attorney's Fees, which was fully briefed by the parties as well. ECF Nos. 70, 71, 72. After reviewing the parties' filings, this matter is ripe for judicial determination. For the reasons below, Plaintiff's Motion for Attorney's Fees and Expenses is **GRANTED** in part and **DENIED** in part. Plaintiff's Motion for Post-Judgment Interest is **GRANTED**. Defendant's Motion for Leave to File Supplemental Brief in Response to Plaintiff's Motion for Attorney's Fees is **DENIED**.

I. FACTUAL AND PROCEDURAL HISTORY

On February 2, 2024, Plaintiff filed an Amended Complaint against Defendant alleging the following claims:

1

Count I. Denial of Federal Rights Under Color of State Law, 42 U.S.C. § 1983, in Violation of the Fourth Amendment Against Defendants—Unconstitutional Seizure (*Id.* ¶¶ 41–44);

Count II. Denial of Federal Rights Under Color of State Law, 42 U.S.C. § 1983, in Violation of the Fourth Amendment Against Defendants—Excessive Force (*Id.* ¶¶ 45–52);

Count III. Denial of Federal Rights Under Color of State Law, 42 U.S.C. § 1983, in Violation of the Fourth Amendment Against Defendants—Unconstitutional Search (*Id.* ¶¶ 53–57);

Count IV. Unlawful Search Pursuant to Virginia Code § 19.2-59 Against Defendants (*Id.* ¶¶ 58–63);

Count V. Willful and Wanton Disregard for the Plaintiff's Rights Against Defendants (*Id.* ¶¶ 64–68);

Count VI. False Arrest (*Id.* ¶¶ 69–74);

Count VII. Battery Against Defendants (*Id.* ¶¶ 75–80);

Count VIII. Assault Against Defendants (*Id.* ¶¶ 81–88);

Count IX. Gross Negligence (*Id.* ¶¶ 89–92);

Count X. Negligence (*Id.* ¶¶ 89–92).

ECF No. 24.

On June 24, 2024, the Court issued an Opinion and Order dismissing Count X. ECF No. 44. On July 23, 2024, a three-day jury trial commenced. ECF Nos. 53–55. During the trial, the Court dismissed Counts V, IX, and the punitive damages claim. ECF No. 53. On July 25, 2024, the jury returned a verdict finding Defendant liable on the remaining Counts, specifically Counts

I, II, III, IV, VI, VII, and VIII. ECF No. 56. The jury awarded Plaintiff $20,000 in damages. *Id.* Subsequently, Plaintiff filed a Motion for Attorney's Fees on August 6, 2024, and a Motion for Post-Judgment Interest. Defendant opposes Plaintiff's motions and later, on October 4, 2024, filed a Motion to File a Supplemental Brief in Response to Plaintiff's Motion for Attorney's Fees.

## II. LEGAL STANDARD

"Congress enacted the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, authorizing the district courts to award a reasonable attorney's fee to prevailing parties in civil rights litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). "The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Id.* A prevailing plaintiff should recover an attorney's fee "unless special circumstances would render such an award unjust." *Id.* (internal quotation omitted). "A prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought, either *pendente lite* or at the conclusion of the litigation." *Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989). The United States Court of Appeals for the Fourth Circuit allows a "district court to deny a request for attorneys' fees in its entirety when the amount of fees requested by the prevailing party is so outrageously excessive as to shock the conscience of the court." *Fair Hous. Council of Greater Washington v. Landow*, 999 F.2d 92, 96 (4th Cir. 1993). Under 42 U.S.C. § 1988(b), the fee award must be reasonable.

"Reasonableness is the touchstone of any award of attorneys' fees and expenses." *SunTrust Mortg., Inc. v. AIG United Guar. Corp.*, 933 F. Supp. 2d 762, 769 (E.D. Va. 2013) (quoting *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 2013 WL 458532, at *2 (E.D. Va. Feb. 6, 2013)). The fee applicant bears the burden of demonstrating the reasonableness of its fee request, *Kenney v. A Touch of Patience Shared Hous., Inc.*, 779 F. Supp. 2d 516, 525 (E.D. Va. 2011), and

3

"providing sufficient detail in [its] records to explain and support [its] requests for fees and costs." *Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 645 (D. Md. 2012). Indeed, "the party who seeks payment must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Hensley*, 461 U.S. at 441 (Burger, C.J., concurring).

To calculate an award for attorney's fees, the Court must determine a "lodestar fee." *Brodziak v. Runyon*, 43 F.3d 194, 196 (4th Cir. 1998); *Grissom v. The Miller Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). The Supreme Court has stated there is a "strong presumption" that the lodestar figure represents a reasonable attorney's fee, which may be overcome only "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010).

The lodestar fee is calculated by multiplying the number of reasonable hours expended times a reasonable rate. *Id.* In determining the reasonable hours expended and a reasonable hourly rate, the Fourth Circuit held that the *Johnson* factors must be applied. *See Daly v. Hill*, 790 F.2d 1071, 1077 (4th Cir. 1986). These factors include:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to properly perform the legal service;
> (4) the preclusion of other employment by the attorneys due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases.

*Id.* at 1075 n.2 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)); *see also Trimper v. City of Norfolk, Va.*, 846 F.Supp. 1295, 1303 (E.D. Va. 1994), *aff'd*, 58 F.3d 68 (4th Cir.1995) ("there is no strict manner in which the factors are to be considered and applied.").

In addition, district courts "should exclude from [the] initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434 (quoting S. Rep. No. 94-1011, at 6 (1976)). Further, "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). The Fourth Circuit has held "[a] fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall." *Daly*, 790 F.2d at 1078.

### III. DISCUSSION

Plaintiff seeks $33,660.00 in attorney's fees for 93.9 attorney hours and $780.08 in costs for litigating this civil action, totaling $34,440.08. Pl.'s Mem. at Ex. 2. Plaintiff also seeks post-judgment interest at a rate of 4.86% to apply to the $20,000 judgment and the attorney's fees and costs in the amount of $34,440.08. ECF No. 66 at 2. The interest would increase Plaintiff's attorney's fees and costs to $51,177.96[1] and the judgment to $29,720.00.[2]

Defendant asserts three arguments as it relates to the attorney's fees: 1) Plaintiff's hourly rate is unreasonable; 2) Plaintiff's hours were not reasonably expended on the litigation; 3) the *Johnson* factors require a reduction because Plaintiff failed to prevail on all claims, some claims

---

[1] The Court multiplied $34,440.08x0.0486, totaling $16,737.88 (the Court rounded to the nearest hundredth). Then, the Court added $16,737.88+$34,440.08, totaling $51,177.96.

[2] The Court multiplied $20,000x0.0486, totaling $9,720.00. Then, the Court added $9,720.00+$20,000.00, totaling $29,720.00.

do not allow fee awards, and the issues were not novel or difficult.[3] Resp. Opp. at 3–8. Defendant also argues that Plaintiff is not entitled to post-judgment interest because the Court has not awarded attorney's fees. ECF No. 69. Lastly, Defendant filed a Memorandum to Supplement his Response in Opposition, asserting that Plaintiff's contingent fee would create a windfall if the Court grants Plaintiff's request for attorney's fees. ECF No. 71. The Court will address each issue in turn.

### A. Reasonable Attorney's Fees

A proper fee award is determined by first calculating a "lodestar fee." *Brodziak v. Runyon*, 43 F.3d 194, 196 (4th Cir. 1998). The Court assesses the lodestar fee by multiplying the number of reasonable hours expended times a reasonable rate. *Id.* In determining reasonable attorney's fees, the Court must also apply the twelve factors outlined in *Johnson. Barber v. Kimbrell's Inc.*, 577 F.2d 216, 266 (4th Cir. 1978) (adopting the twelve-factor test used in *Johnson*). The Fourth Circuit notes that the "district court is under no obligation to go through the inquiry of those [*Johnson*] factors that do not fit." *In re A.H. Robins Co., Inc.*, 86 F.3d 364, 376 (4th Cir. 1996). Therefore, the Court will only address applicable *Johnson* factors.

#### i. Reasonableness of the Hourly Rates

The reasonable rate is "to be calculated according to the prevailing market rates in the relevant community." *Blum v. Stevenson*, 465 U.S. 886, 895 (1984). Any required special skill or experience is "reflected in the reasonableness of the hourly rates." *Id.* at 898. Aside from "the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the 'prevailing market rates in the relevant community' for the type of work for which he seeks an award." *Grissom v. The Mills Corp.*, 549 F.3d 313, 323 (4th Cir. 2008) (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). This "can be accomplished through affidavits from

---

[3] The Court will address these three arguments under the "Reasonable Attorney's Fees" section of this Opinion.

disinterested counsel, evidence of awards in similar cases, or other specific evidence that allows the court to determine 'actual rates which counsel can command in the market.'" *Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 710 (E.D. Va. 2012). The third, fifth, sixth, and ninth *Johnson* factors also concern the reasonable rate. These factors include the skill required, the customary fee, whether the fee is fixed or contingent, and the experience, reputation, and ability of the attorneys. *Daly*, 790 F.2d at 1075 n.2.

Plaintiff's counsel's hourly rate is $400, and he cites multiple cases in the Eastern District of Virginia and outside of the District to support the reasonableness of his rate, along with his own affidavit. *See* Pl.'s Mem. at 3–4. However, Defendant argues that Plaintiff's counsel's hourly rate is unreasonable because Plaintiff failed to submit "an affidavit from disinterested counsel providing a reasonable hourly rate within the prevailing local market."[4] Resp. Opp. at 3. Additionally, Defendant argues that Plaintiff's counsel graduated law school six years ago compared to the partners in the cases Plaintiff cites in support of his hourly rate who has eight plus years of experience. *Id.* at 3–4.

Here, the Court concludes that Plaintiff's counsel rate is too high. Plaintiff's counsel failed to initially include specific evidence supporting his request, including evidence of awards in similar cases to support the hourly rate. Furthermore, Plaintiff's counsel cited at least ten cases in the Motion, and the majority of the cases he cited are not similar to the Section 1983 case before the Court. *See, e.g., Castel v. Advantis Real Estate Servs. Co.*, No. 2:07cv435, 2008 U.S. Dist. LEXIS 61318, at *9–10 (E.D. Va. Aug. 8, 2008) (an FLSA case); *Crump v. United States Dep't of Navy by & through Mabus*, 245 F. Supp. 3d 692, 706 (E.D. Va. 2017) (an employment law case);

---

[4] On December 16, 2024, per order from the Court, Plaintiff's counsel filed an affidavit from disinterested counsel Mark J. Krudys, asserting that his $400 hourly rate is reasonable, and attached affidavits from counsels in another case in support. ECF No. 74.

7

*Da Sa v. White Pines, Inc.*, No. 2:21-cv-86, 2021 U.S. Dist. LEXIS 258446, at *9 (E.D. Va. Aug. 23, 2021) (an FLSA case).

However, Plaintiff did cite two Section 1983 cases, but neither case provides support because the rates were uncontested. In *Lynch v. Simmons*, No. 2:21cv341, 2023 U.S. Dist. LEXIS 172654, at *37 (E.D. Va. Sep. 8, 2023), the court found an hourly rate of $400 for the partners reasonable because the rates were uncontested. In *Houston v. Cotter*, 234 F. Supp. 3d 392, 403 (E.D.N.Y. 2017), the court found an hourly rate of $400 reasonable because the rates were uncontested.[5] Given Plaintiff's counsel's relevant experience and reputation in the community, the affidavit from disinterested counsel, and the Court's own practice and judicial experience in the Eastern District of Virginia, the Court finds that an hourly rate of $350 is reasonable. Plaintiff's counsel also billed 19.5 hours for travel time. *See* Pl.'s Mem. at Ex. 2. The Court will reduce his $350 hourly rate by 50% to $175, to compensate him for the time he spent traveling to litigate this case. *See Prison Legal News v. Stolle*, 129 F. Supp. 3d 390, 404 (E.D. Va. 2015), *aff'd*, 681 F. App'x 182 (4th Cir. 2017) (finding an hourly fee for travel time of $200 from $400 as adequate to compensate the attorney).

<u>Attorney Travel Expenses</u>

| <u>Date</u> | <u>Service</u> | <u>Time (hours)</u> |
|---|---|---|
| 3/14/2024 | Travel to and from deposition | 4.1 |
| 4/18/2024 | Travel to and from FPTC | 4.0 |
| 7/23/2024 | Travel to Court for trial. | 1.8 |
| 7/23/2024 | Travel back to Richmond. | 2.0 |
| 7/24/2024 | Travel to Court | 1.8 |
| 7/24/2024 | Travel back to Richmond | 2.1 |
| 7/25/2024 | Travel to courthouse for trial. | 1.8 |
| 7/25/2024 | Travel from trial | 1.9 |

---

[5] The Court notes that this case is not even a case from the Eastern District of Virginia, and as such does not reflect the market rates of the Hampton Roads community.

8

| | |
|---|---|
| Total | 19.5 hours |

Regarding the paralegal entries in Plaintiff's counsel's ledger, Plaintiff billed the entries below at an attorney rate. "[P]urely clerical or secretarial tasks should not be billed at [an attorney rate or] a paralegal rate, regardless of who performs them." *Two Men & A Truck/Int'l, Inc. v. A Mover Inc.*, 128 F. Supp. 3d 919, 929 (E.D. Va. 2015) (internal citation and quotation marks omitted); *see Lipsett v. Blanco*, 975 F.2d 934, 940 (1st Cir. 1992) ("clerical or secretarial tasks ought not to be billed at lawyers' rates, even if a lawyer performs them."). Even though Plaintiff's counsel does not have any support staff, the services he performed below should be charged at paralegal rates. *See* Pl.'s Mem. at 7. Plaintiff's counsel submitted an affidavit from disinterested counsel, who shared the rates for paralegal time ranging from $90–$140 per hour. ECF No. 74. Thus, for the paralegal services below, the Court will record the hourly rate at $90 per hour.

Paralegal Entries

| Date | Service | Time (hours) |
|---|---|---|
| 6/12/2023 | Drafting representation agreement | 0.2 |
| 6/20/2023 | Email with client and update representation agreement | 0.1 |
| 6/23/2023 | FOIA research/request | 0.2 |
| 6/30/2023 | Email to FOIA | 0.1 |
| 7/3/2023 | FOIA emails | 0.1 |
| 7/5/2023 | FOIA follow up and online request again | 0.2 |
| 7/6/2023 | Email with FOIA | 0.1 |
| 2/1/2024 | Deposition deadline emails | 0.2 |
| 2/6/2024 | Email with client re deposition | 0.1 |
| 3/6/2024 | Emails with Lee re settlement conf. | 0.1 |
| 3/13/2024 | Call with Lee re depo tomorrow | 0.2 |
| 3/20/2024 | Draft and submit device Form Request | 0.3 |

| 4/8/2024 | Reviewing IDs for addresses and email to OC regarding the same | 0.2 |
|---|---|---|
| **Total** | | **2.1** |

### ii. Reasonableness of Hours Expended

The Court must next determine the hours that were "reasonably expended." *See Hensley*, 461 U.S. at 434 (holding that initial fee calculation hours that are not reasonably expended should be excluded). Plaintiff provided time accounting sheets to assist the Court in evaluating the reasonableness of hours expended. *See* Pl.'s Mem. at Ex. 2. Plaintiff's counsel initially spent 93.9 hours on this matter. *Id.* His fee sheets detail in 6-minute increments the matters that he worked on behalf of Plaintiff's case. *Id.* Defendant objects to the hours Plaintiff's counsel submitted, arguing that some of the hours included are for clerical tasks charged at attorney rates. Resp. Opp. at 4. Specifically, Defendant notes the entries in bold below are clerical.[6]

<u>Clerical Entries</u>

| **Date** | **Service** | **Time (hours)** |
|---|---|---|
| 6/12/2023 | Phone call with Lee | 0.2 |
| 6/23/2023 | Phone call with Lee | 0.3 |
| 6/30/2023 | Email with Client | 0.1 |
| 7/3/2023 | Email to Client | 0.1 |
| 7/17/2023 | Email to client | 0.1 |
| 7/18/2023 | Phone call with OC | 0.1 |
| 7/18/2024 | Texts with client | 0.1 |
| 7/27/2023 | Call and email to Client | 0.1 |
| 7/28/2023 | Email with client | 0.1 |
| 8/2/2023 | Email with Client | 0.1 |
| 8/7/2023 | Review service docs | 0.1 |
| 8/17/2023 | Review executed summons | 0.1 |
| 9/5/2023 | Call with OC | 0.1 |
| 9/6/2023 | Emails with OC | 0.1 |
| 9/6/2023 | Waiver of service | 0.1 |
| 9/8/2023 | Email with Client | 0.1 |
| 9/14/2023 | Email to city attorney | 0.1 |
| 9/20/2023 | Email with client | 0.1 |

---

[6] The Court added additional entries that it deemed clerical.

| 10/21/2023 | **Review deadlines.** | **0.1** |
|---|---|---|
| 10/21/2023 | Review waiver | 0.1 |
| 10/24/2023 | Emails with client | 0.1 |
| 11/17/2023 | Call with client | 0.2 |
| 11/29/2023 | Review scheduling order | 0.2 |
| 1/24/2024 | Email to OC | 0.1 |
| 1/25/2024 | Call with client | 0.3 |
| 1/31/2024 | Email to OC | 0.1 |
| 2/1/2024 | Review depo deadlines | 0.1 |
| 3/5/2024 | Call with clerk and email with OC | 0.1 |
| **3/6/2024** | **Call to clerk.** | **0.1** |
| 3/7/2024 | Email with Client | 0.1 |
| 3/24/2024 | Review trial deadlines | 0.1 |
| 4/10/2024 | Email with clerk for resetting trial. | 0.1 |
| 4/16/2024 | Call with OC regarding proposed order | 0.1 |
| 4/17/2024 | **Printing docs for meeting tomorrow.** | **0.2** |
| 4/17/2024 | Email with OC and clerk regarding proposed order | 0.1 |
| 4/23/2024 | Review order and text with client re new trial date | 0.1 |
| 7/16/2024 | **Organizing trial binders.** | **1.0** |
| 7/18/2024 | Emails with clerk | 0.1 |
| **Total** | | **5.5** |

"[C]ourts in this circuit have determined that because purely clerical tasks are ordinarily a part of a law office's overhead, (which is covered in the hourly rate), they should not be compensated for at all. *Two Men & A Truck/Int'l, Inc.*, 128 F. Supp. 3d at 929. Here are some examples of clerical tasks:

> collating and filing documents with the court, issuing summonses, scanning and mailing documents, reviewing files for information . . . ; printing pleadings and preparing sets of orders . . . ; document organization . . . ; creating notebooks or files and updating attorneys' calendars . . . ; assembling binders . . . ; emailing documents or logistical telephone calls with the clerk's office or the judge's chambers.

*Two Men & A Truck/Int'l, Inc.*, 128 F. Supp. 3d at 929–30.

11

The Court finds that the above-mentioned entries that Defendant noted, along with the entries the Court included from Plaintiff's counsel's ledger, are clerical and non-compensable. *See Two Men & A Truck/Int'l, Inc.*, 128 F. Supp. 3d at 929. Although the Court notes that the repeated entry of "call with client," "email with OC," or "email with client" might be considered vague, the Court still finds these entries clerical. Accordingly, Plaintiff's counsel will not be compensated 5.5 hours of clerical time, and the Court will reduce the number of hours he expended as such.

Defendant also objects to the 66.8 hours of attorney time Plaintiff's counsel expended on this matter, arguing for a fee reduction because the issues were not novel or complex, Plaintiff did not prevail on all claims, and some claims do not permit a fee award. Def.'s Mem. at 7–8. Plaintiff replied that all claims were interconnected, novel or complex, and that his victory at trial was not "purely technical." Pl.'s Reply at 4–5.

Among the factors considered in determining a reasonable award are the amounts awarded in comparable cases, as well as the novelty or difficulty of the issues presented in the case. *See Barber*, 577 F.2d at 226 n. 28. "Unsuccessful claims that are distinct in all respects from the claims upon which the plaintiff has prevailed should be excluded in considering the amount of a reasonable fee." *Hyatt v. Barnhart*, 315 F.3d 239, 254 (4th Cir. 2002) (internal citations and quotations omitted). Here, the Court finds that all claims are connected, regardless of Plaintiff's success, and does not require a reduction on that point. However, the Court does find that the issues were straightforward and did not present any novel or particularly difficult issues, and thus Plaintiff's counsel did not need to possess any special skills to prevail in this Section 1983 case. *But see, e.g., Courthouse News Serv. v. Schaefer*, 484 F. Supp. 3d 273, 278 (E.D. Va. 2020) (the court determined the case complex because it involved a constitutional issue of first impression.).

Accordingly, the Court will reduce the 66.8 hours Plaintiff's counsel expended on this matter across the board below by 6.8 hours, totaling 60 hours of attorney time.

Attorney Entries

| Date | Service | Time (hours) |
|---|---|---|
| 7/3/2023 | Review written summary | 0.1 |
| 7/7/2023 | Review FOIA Response | 0.1 |
| 7/7/2023 | Draft affidavit for FOIA and send email Re same | 0.2 |
| 7/12/2023 | FOIA request withdrawal | 0.1 |
| 7/13/2023 | Drafting Complaint | 1.3 |
| 7/17/2023 | Drafting complaint and demand letter | 0.5 |
| 7/31/2023 | Drafting and filing Complaint docs (Summons, Complaint, Cover Sheet) | 0.8 |
| 8/5/2023 | Review IFP order | 0.1 |
| 9/6/2023 | Review notice and status report | 0.2 |
| 9/12/2023 | Draft and file status report | 0.5 |
| 9/18/2023 | Review John Doe status | 0.1 |
| 10/21/2023 | Default judgment research | 0.1 |
| 10/22/2023 | Drafting Opposition to MTD | 1.1 |
| 10/29/2023 | Drafting Opposition to MTD | 1.1 |
| 11/3/2023 | Review 26(f) order | 0.1 |
| 11/3/2023 | Edit and file Opposition | 0.3 |
| 11/15/2023 | Review BWC | 0.4 |
| 11/15/2023 | Draft settlement offer | 0.2 |
| 12/10/2023 | Drafting Initial Disclosures | 1.0 |
| 12/11/2023 | Editing and sending Initial Disclosures | 0.1 |
| 12/18/2023 | Drafting discovery requests | 1.1 |
| 1/2/2024 | Review written discovery | 0.1 |
| 1/14/2024 | Drafting objections to discovery | 0.6 |
| 1/18/2024 | Email with OC Re disco responses | 0.1 |
| 1/23/2024 | Review all officer BWC | 2.2 |
| 1/24/2024 | Drafting second round of discovery requests | 0.9 |
| 1/26/2024 | Drafting responses to disco | 1.0 |
| 1/26/2024 | Drafting motion to extend disco deadline | 0.3 |
| 1/26/2024 | File joint motion | 0.1 |
| 1/27/2024 | Drafting discovery responses | 0.4 |
| 1/29/2024 | Reviewing and editing responses | 0.3 |
| 1/31/2024 | Reviewing all trial reqs for witnesses and documents | 0.5 |

| | | |
|---|---|---|
| 1/31/2024 | Review complaint | 0.3 |
| 1/31/2024 | Amend complaint | 0.2 |
| 2/1/2024 | Draft stipulation and amended complaint | 0.3 |
| 2/1/2024 | Stipulation and Amended complaint | 0.2 |
| 2/2/2024 | Filing Amended Complaint and Stipulation. | 0.2 |
| 2/27/2024 | Drafting Opp. to MTD | 0.4 |
| 3/6/2024 | Drafting and sending supplemental responses | 0.1 |
| 3/7/2024 | Review settlement reqs | 0.2 |
| 3/12/2024 | Drafting mediation memo | 0.5 |
| 3/14/2024 | Deposition | 2.0 |
| 3/22/2024 | Mediation | 2.0 |
| 3/24/2024 | Review 4th Amendment caselaw | 0.3 |
| 3/31/2024 | Drafting 26(a)(3)s | 2.0 |
| 4/1/2024 | Finalize and send 26(a)(3)s | 0.2 |
| 4/9/2024 | Outline trial strategy. | 1.0 |
| 4/10/2024 | Review D's 26(a)(3) objections. | 0.1 |
| 4/14/2024 | Drafting proposed final pretrial order. | 1.5 |
| 4/15/2024 | Proposed final order drafting. | 0.6 |
| 4/16/2024 | Finalize and email Proposed Pretrial Order. | 0.4 |
| 4/18/2024 | FPTC | 0.3 |
| 4/21/2024 | Draft and email Joint motion to amend. | 0.5 |
| 4/22/2024 | Filing joint motion | 0.1 |
| 6/4/2024 | Drafting Opp to their Motion to Depose Coles. | 0.7 |
| 6/18/2024 | Motions hearing for Coles depo. | 0.2 |
| 7/15/2024 | Drafting proposed Jury Instructions | 2.7 |
| 7/15/2024 | Drafting proposed Voir Dire | 0.3 |
| 7/15/2024 | Drafting jury instructions. | 1.5 |
| 7/16/2024 | Finalize proposed jury instructions. | 1.0 |
| 7/18/2024 | Legal research Re Rule 41 | 0.3 |
| 7/18/2024 | Drafting and filing NOD for Doe | 0.1 |
| 7/20/2024 | Drafting opening statement | 1.0 |
| 7/20/2024 | Drafting direct exam | 1.0 |
| 7/21/2024 | Drafting opening statement | 1.0 |
| 7/21/2024 | Drafting direct exam | 1.0 |
| 7/21/2024 | Drafting expected cross exam | 1.0 |
| 7/21/2024 | Reviewing BWC for cross | 1.0 |
| 7/21/2024 | Zoom for trial prep with Lee | 2.0 |
| 7/23/2024 | Trial | 6.5 |
| 7/23/2024 | Drafting and emailing response to Court Order | 0.4 |

| 7/24/2024 | Trial | 6.0 |
|---|---|---|
| 7/24/2024 | Drafting obstruction charge and legal research regarding same. | 0.5 |
| 7/24/2024 | Drafting closing | 1.5 |
| 7/24/2024 | Reviewing all of Court's proposed jury instructions and making proffered changes to same. | 0.8 |
| 7/25/2024 | Trial | 6.9 |
| **Total** | | **66.8** |

### B. Motion for Post-Judgment Interest

Plaintiff's counsel seeks post-judgment interest on the $20,000 judgment awarded at trial and his attorney's fees and expenses, accruing from July 25, 2024. ECF No. 66. Defendant, however, argues that the Court has not entered a judgment for attorney's fees, and therefore, interest has not commenced. ECF No. 69.

Under 28 U.S.C. § 1961, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court. "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." *Id.* "[T]he purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835–36 (1990). "Where the judgment on damages was not supported by the evidence, the damages have not been "ascertained" in any meaningful way. It would be counterintuitive, to say the least, to believe that Congress intended postjudgment interest to be calculated from such a judgment." *Id.*

Here, on July 25, 2024, a jury awarded Plaintiff $20,000 in damages. The Court found that the $20,000 damages was supported by the evidence and "ascertained" in a meaningful way.

15

Therefore, the Court finds that post-judgment interest is automatic on the $20,000 judgment awarded at trial.

However, the Court does take issue regarding when to award post-judgment interest on attorney's fees as the Fourth Circuit has yet to answer this question. There is a circuit split on the issue of whether the interest accrues from the date of the judgment or after the award is quantified. The Fifth, Sixth, Eighth, Ninth, Eleventh, and Federal Circuits held that the interest accrues from the date of the judgment, even if the award is not quantified until later. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 332 (5th Cir. 1995); *Associated Gen. Contractors of Ohio, Inc. v. Drabik*, 250 F.3d 482, 494 (6th Cir. 2001); *Jenkins by Agyei v. State of Mo.*, 931 F.2d 1273, 1276 (8th Cir. 1991); *Friend v. Kolodzieczak*, 72 F.3d 1386, 1392 (9th Cir. 1995); *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994); *Mathis v. Spears*, 857 F.2d 749, 760 (Fed. Cir. 1988). However, the Third, Seventh, and Tenth Circuits held that the interest accrues from the date the award is quantified. *See Eaves v. Cnty. of Cape May*, 239 F.3d 527, 532 (3d Cir. 2001); *Fleming v. Cnty. of Kane, State of Ill.*, 898 F.2d 553, 565 (7th Cir. 1990); *MidAmerica Fed. Sav. & Loan Ass'n v. Shearson/Am. Exp., Inc.*, 962 F.2d 1470, 1476 (10th Cir. 1992). Although the Court has yet to enter an award for attorney's fees and expenses, the Court finds that it is appropriate to follow the majority of the circuits and award post-judgment interest on the attorney's fees to which Plaintiff is entitled under Section 1988, accruing from July 25, 2024. Thus, Plaintiff's Motion is granted.

### C. Motion for Leave to File Supplemental Brief in Response to Plaintiff's Motion for Attorney's Fees

Defendant argues that Plaintiff's counsel asserted a lien of 45% of the judgment in objection to the Attorney General of the Commonwealth of Virginia garnishing the judgment for

unpaid restitution in the amount of $16,686.97. ECF No. 70 at 1. Further, Defendant argues the Section 1988 fee provision was not created to supplement an attorney's fee arrangement with his client, and doing so would create a windfall. *Id.* at 2. Plaintiff's counsel argues that his private arrangement with his client has no bearing on the attorney's fee award request. ECF No. 72.

In *Venegas v. Mitchell*, 495 U.S. 82, 86–87 (1990), the Supreme Court stated that Section 1988 does not "regulate what plaintiffs may or may not promise to pay their attorneys if they lose or if they win." Additionally, the Court stated that "[c]ertainly § 1988 does not on its face prevent the plaintiff from promising an attorney a percentage of any money judgment that may be recovered." *Id.* Based on prevailing case law, the Court finds that Plaintiff's contractual relationship with his attorney and their fee arrangement is irrelevant to the attorney's fees request. Thus, Defendant's Motion is denied.

### D. Award Calculation

The Court finds that Plaintiff's counsel spent 79.5 hours on this matter.[7] The Court calculated the lodestar by adding 60 hours expended by an hourly rate of $350 for attorney time,[8] 19.5 hours expended by an hourly rate of $175 for attorney travel time,[9] and 2.1 hours expended by an hourly rate of $90 for paralegal time,[10] totaling $24,601.50 in attorney's fees,[11] and $780.08 in expenses.

### IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Attorney's Fees and Expenses is **GRANTED** in part and **DENIED** in part. ECF No. 61. Plaintiff's Motion for Post-Judgment

---

[7] Plaintiff's counsel initially spent 93.9 hours on this matter. The Court subtracted 6.8 hours of attorney time, 5.5 hours of clerical time, and 2.1 hours of paralegal time from the initial 93.9 hours, totaling 79.5 hours.
[8] The Court multiplied 60x$350= $21,000.00.
[9] The Court multiplied 19.5x$175= $3,412.50.
[10] The Court multiplied 2.1x$90= $189.00.
[11] The Court added $21,000+$3,412.50+$189= $24,601.50.

Interest is **GRANTED**. ECF No. 65. Defendant's Motion for Leave to File Supplemental Brief in Response to Plaintiff's Motion for Award of Attorney's Fees and Related Expenses is **DENIED**. ECF No. 70.

The request to approve $33,660.00, in attorney's fees is **DENIED**. After review of the motion, the Court finds it appropriate to reduce the fee request. The Court hereby **APPROVES $24,601.50 in attorney's fees** and **$780.08 in expenses**. Defendant shall pay post-judgment interest on the $20,000 jury award and on the $25,381.58 award for attorney's fees and expenses. Interest shall accrue from July 25, 2024, calculated in the manner set forth in 21 U.S.C. § 1961.

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
January 16, 2025

/s/
Raymond A. Jackson
United States District Judge